**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VIRGINIA CERRO DE GONZAL
OJEDA; JAIR MIGUEL OJEDA,

Petitioners,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-74100

Agency Nos.   A098-263-503
                A094-371-065

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Virginia Cerro De Gonzal Ojeda and Jair Miguel Ojeda, natives and citizens

of Peru, petition for review of the Board of Immigration Appeals' order dismissing

their appeal from an immigration judge's decision denying their applications for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010)*.*  We deny the petition for review.

Petitioners do not challenge the agency's determination that their untimely asylum applications were not excused by changed or extraordinary circumstances, nor do they challenge the agency's denial of their CAT claims.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).  Thus, we deny the petition as to their asylum and CAT claims.

Substantial evidence supports the agency's determination that petitioners failed to establish the government was or would be unable or unwilling to control the individuals they fear.  *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record did not compel finding petitioner faced persecution by forces the government was unwilling or unable to control).  Thus, we deny the petition as to their withholding of removal claims.

We reject petitioners' request for remand, set forth in their Response to Court Order.

**PETITION FOR REVIEW DENIED.**